**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-01240-MSK-KLM**

**RAFAEL FRIAS; and
PATRICIA MENDEZ-MANRIQUEZ,**

      **Plaintiffs,**

**v.**

**CHRIS THE CRAZY TRADER, INC., a Colorado corporation,**

      **Defendant.**

---

**OPINION AND ORDER DENYING MOTION
TO CERTIFY QUESTION TO THE COLORADO SUPREME COURT
AND GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

      **THIS MATTER** comes before the Court on the Defendant Chris the Crazy Trader, Inc.'s Motion for Partial Summary Judgment (**#23**), the Plaintiffs Rafael Frias and Patricia Mendez-Manriquez's Response (**#24**), and the Defendant's Reply (**#26**), and on the Plaintiffs' Motion to Certify Question of State Law to the Colorado Supreme Court (**#25**), the Defendant's Response (**#27**), and the Plaintiffs' Reply (**#28**).

## I.  Facts

      In March 2013, the Plaintiffs attempted to buy a car from the Defendant, who does business as Christopher's Dodge World.  The Plaintiffs posted a $1,500 deposit and took delivery of the car while third-party financing was being pursued.  After an initial refusal of financing by the anticipated third-party lender, the proposed sales contract was rewritten and submitted to another potential lender.  Ultimately, the third-party financing could not be obtained.  The Plaintiffs returned the vehicle to the dealership and the transaction was cancelled.

When refunding the deposit tendered by the Plaintiffs, the Defendant initially withheld $898 for use of the vehicle while financing was being pursued per the terms of the sales contract. When the Plaintiffs objected to its withholding the down payment to satisfy the charges, the Defendant refunded the $898.

The Plaintiffs assert the following claims: (1) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, for failure to make accurate disclosure of the terms of an automobile retail installment sales contract; (2) violations of the Colorado Consumer Protection Act (CCPA), C.R.S. § 6-1-708(1)(a)(I), for misrepresenting that the Plaintiffs' credit had been approved, and C.R.S. § 6-1-708(1)(a)(III), for failing to return their down payment; and (3) civil theft under C.R.S. § 18-4-405.

The Defendant seeks summary judgment on the Plaintiffs' claims for violations of the CCPA and for civil theft.  As to the CCPA claims, the Defendant argues that the Plaintiffs cannot prove a significant public impact or an injury to a protected interest.  The Plaintiffs filed their response to the motion for summary judgment concurrently with their motion to certify a question to the Colorado Supreme Court.  In their motion to certify a question, the Plaintiffs seek clarification from the Colorado Supreme Court as to whether a showing of public impact is a necessary element of their CCPA claim.

## II. Summary Judgment Standard of Review

Although Rule 56 of the Federal Rules of Civil Procedure was recently restyled, its purpose remains the same — to provide for a summary determination when no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Accordingly, Rule 56(a) directs entry of a judgment on a claim or defense, or part thereof, when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.

Substantive law governs which facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" if the evidence presented in support of and in opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002). If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c). Once the moving party has met its burden, to establish a genuine dispute that requires a trial, the responding party must present competent and contradictory evidence as to a material fact. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

When the moving party does not have the burden of proof on the pertinent issue, it may point to an absence of sufficient evidence to establish a claim or defense that the non-movant is obligated to prove. Once the movant has done so, the respondent must come forward with sufficient competent evidence to establish a *prima facie* claim or defense to justify a trial. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### III.  Analysis

#### A.  Motion to Certify Question to the Colorado Supreme Court

Rule 21.1 of Colorado's Rules of Appellate Procedure permits the Colorado Supreme Court to answer a question of state law certified to it by a United States District Court if the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the [Colorado] Supreme Court."  Colo. App. R. 21.1(a).  The decision to certify a question is discretionary and may be appropriate where the legal question at issue is novel and the applicable state law is unsettled.  *See Massengale v. Okla. Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994); *Allstate Ins. Co v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990). "However, certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.  Absent some recognized public policy or defined principle guiding the exercise of jurisdiction conferred, federal courts bear a duty to decide questions of state law when necessary to render a judgment."  *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1235 (10th Cir. 2012).

The Plaintiffs request that the Court certify the following question to the Colorado Supreme Court:  "Whether a deceptive trade practice contained within the 'Specific Provisions' of the Colorado Consumer Protection Act requires a separate showing of public impact."

The Court declines to certify this question.  The Plaintiffs have brought a private action to recover damages under the CCPA, C.R.S. § 6-1-113.  It is well-settled in Colorado that for a plaintiff to sustain a private cause of action under § 6-1-113, a plaintiff must establish that (1) the defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) the challenged practice

4

significantly impacts the public as actual or potential consumers of the defendant's goods,

services, or property; (4) the plaintiff suffered injury in fact to a legally protected interest; and

(5) the challenged practice caused the plaintiff's injury. *Hall v. Walter*, 969 P.2d 224, 235 (Colo.

1998). The CCPA prohibits numerous trade practices defined as deceptive, most of which are

found in C.R.S. § 6-1-105. However, part 7 of the CCPA is titled "specific provisions." This

part defines and prohibits additional "deceptive trade practices" in certain industries. *See* §§ 6-1-

701 *et seq.*

The Plaintiffs assert that there is no Colorado authority addressing whether a CCPA

claim requires a showing of public impact where the alleged deceptive trade practice falls under

one of the "specific provisions" found in part 7, as opposed to a claim where the alleged

deceptive trade practice falls under a different section of the act. The Plaintiffs are correct that

no Colorado court has recognized a difference in the elements of a CCPA claim asserting a

deceptive trade practice found under part 7. However, in light of Colorado's precedent regarding

the elements of CCPA claims brought under § 6-1-113, there is no indication that Colorado

intends to make such distinction. Indeed, § 6-1-105 incorporates into its general definition of

"deceptive trade practice" all violations of the provisions found in part 7. *See* § 6-1-105(x).

Thus, there is no need to make such a distinction. Accordingly, the Court will follow clearly-

established Colorado law as to the elements necessary to prove a CCPA claim brought under § 6-

1-113, including the element of public impact, and declines to certify the above question to the

Colorado Supreme Court.

### B. Motion for Partial Summary Judgment

The Defendant seeks summary judgment on the Plaintiffs' claims for violation of the

CCPA and civil theft.

*1. CCPA Claim*

The Plaintiffs claim that the Defendant (1) misrepresented to them that they were approved for credit, and (2) wrongfully retained a portion of their down payment after they returned the car.  The Plaintiffs assert that these acts constitute deceptive trade practices under §6-1-708 and entitle them to damages under § 6-1-113.

The CCPA was enacted to regulate commercial activities and practices which, "because of their nature, may prove injurious, offensive, or dangerous to the public."  *People ex rel. Dunbar v. Gym of America, Inc.*, 493 P.2d 660, 667 (Colo. 1972); *see also Martinez v. Lewis*, 969 P.2d 213, 220 (Colo. 1998).  The CCPA deters and punishes businesses that commit deceptive trade practices in their dealings with the public by providing prompt, economical, and readily available remedies against consumer fraud.  *Showpiece Homes, Corp. v. Assurance Co. of America*, 39 P.3d 47, 50-51 (Colo. 2001).  To prove a private cause of action under the CCPA, § 6-1-113, a plaintiff must establish that (1) the defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) the challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) the plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused the plaintiff's injury.  *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998).

The CCPA prohibits numerous trade practices defined as deceptive.  *See* C.R.S. §§ 6-1-105, -105.5, and -701 *et seq.*[1]  Part 7 of the CCPA is titled "specific provisions."  Its provisions

---

[1] The Plaintiffs contend that the Defendant engaged in two deceptive trade practices defined in C.R.S. § 6-1-708.  Under § 6-1-708(1)(a)(I), a person engages in a deceptive trade practice when, in the course of such person's business, the person conditions the sale of a motor vehicle upon the approval of consumer credit and "guarantees" to the purchaser that they have been approved for credit when the approval is not final.  Along the same lines, subsection (1)(a)(III) states that a person engages in a deceptive trade practice when, in the course of such person's business, the

define and prohibit deceptive trade practices that occur in specific industries.  Section 6-1-105(x) incorporates violations of any provision found in part 7 into its general definition of "deceptive trade practice."  For purposes of this motion, the Court assumes that the Plaintiffs can establish a deceptive practice and that it occurred in the course of the Defendant's business.

The question raised by the Defendant is whether the Plaintiffs can prove element (3) of their claim — that is, that the challenged practices significantly impact the public.

This requirement is set out in *Hall*.  It requires that a plaintiff show that the defendant's challenged practice significantly impacts actual or potential consumers of the defendant's goods or services.  *See* 969 P.2d at 234.  If a wrong is private in nature, and does not affect the general public, then a claim is not actionable under the CCPA.  *See Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 149 (Colo. 2003).  Relevant considerations to determine whether a challenged practice significantly impacts the public include (1) the number of consumers directly affected by the challenged practice; (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice; and (3) evidence that the challenged practice previously has impacted other consumers or has significant potential to do so in the future.  *Martinez*, 969 P.2d at 222.

The Court finds that the Plaintiffs have failed to come forward with sufficient competent evidence to show that the practices they complain of have any public impact.  Indeed, the Plaintiffs have not submitted *any* evidence that the Defendant "guaranteed" financing to or failed to advise potential purchasers that if financing was not obtained, a car would have to be returned.  They have stated that 11 other consumers were "affected" by the Defendant's practice of

---

person fails to return to the purchaser of a motor vehicle any down payment tendered by the purchaser upon a guarantee that credit had been approved for the purchase, if the approval was a condition of the sale, and if such financing is not approved and the purchaser is required to return the vehicle.  § 6-1-708(1)(a)(III).

retaining a portion of the down payment after financing was not obtained, but these 12 instances are drawn from 5,739 car sales that occurred over the past three years. Given the small number of instances, the Court finds that they are not sufficient to demonstrate the required public impact. *See, e.g., Rhino Linings*, 62 P.3d at 150 (no significant public impact where only 3 dealers, out of 550 worldwide, were affected by the alleged deceptive trade practices of a manufacturer supplier). The Plaintiffs here are essentially pursuing a private wrong.

Alternatively, the Plaintiffs also argue that "*per se* public impact can be shown by legislative declaration." Relying on *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*, 719 P.2d 531 (Wash. 1986), the Plaintiffs argue that a legislature may make a specific declaration of public interest, which would satisfy the public impact element. Here, they argue that the Colorado General Assembly declaration in C.R.S. § 12-6-101(1)(a), that "[t]he sale and distribution of motor vehicles affects the public interest" is sufficient to establish public interest.

The Court is unpersuaded, for several reasons. First, it is highly unlikely that Colorado courts would recognize any *per se* satisfaction of the public impact by a statement of public interest. To the contrary, the Colorado Supreme Court has emphasized that the public impact contemplated by the CCPA relates to the challenged *practice*. *See Brodeur v. American Home Assur. Co.*, 169 P.3d 139, 156 (Colo. 2007). Second, the declaration that the Plaintiffs rely on is insufficient. It is derived from § 12-6-101(1)(a), which falls under Colorado's regulatory scheme of the motor vehicle industry. Although this declaration refers to the public impact of the sale of motor vehicles, it does not refer to the practices that Plaintiffs challenge — *i.e.*, misrepresentation of credit approval and retaining a down-payment in conjunction with a motor vehicle sale. Though objectionable, such practices are not peculiar to the motor vehicle industry and there is nothing that suggests that the General Assembly sought to address them simply by

8

noting that sales of motor vehicles affect public interest.  This legislative declaration might be a factor to consider when determining if the challenged practice affects the public, but by itself it does not substitute for proof sufficient to satisfy the public impact element of the CCPA.

Accordingly, the Court finds that the Plaintiffs have failed to come forward with sufficient competent evidence to justify a trial on their CCPA claim and the Defendant is entitled to judgment as a matter of law.

### 2. *Civil Theft*

The Plaintiffs claim that the Defendant committed civil theft when it used $898 of their down payment after they demanded its return, entitling them to damages under C.R.S. § 18-4-405.  Section 18-4-405 provides that "the owner [of property obtained by theft, robbery, or burglary] may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property."  To establish a claim for civil theft, the Plaintiffs must establish that the Defendant obtained control over their property in circumstances amounting to "theft, robbery, or burglary."

The Defendant argues that it is entitled to judgment in its favor on this claim because the Plaintiffs cannot establish that it obtained their property by "theft, robbery, or burglary."

To prove theft, a plaintiff must show that the defendant knowingly obtained, retained, or exercised control over anything of value of the plaintiff without authorization and with the intent to deprive the plaintiff of the use or benefit of that item permanently.  C.R.S. § 18-4-401(1).[2]

---

[2] Section 18-4-401(1) states:

> (1) A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception; or receives, loans money by pawn or pledge on, or disposes of anything of value belonging to another that he or she knows or believes to have been stolen, and:
>
> > (a) Intends to deprive the other person permanently of the use or benefit of the thing of value;

The Plaintiffs argue that the Defendant committed civil theft when they demanded a refund of their down payment and the Defendant initially refused to return $898 of the payment. The Plaintiffs' affidavits state that they "returned the car and asked for [their] down payment back," and that the Defendant said "they were keeping $898.00 for themselves." However, attached to the Defendant's Motion is Exhibit B, which is a letter explaining that the Defendant was refunding the $898 to the Plaintiffs without condition. It explains that the $898 was a fee for use of the vehicle by the Plaintiffs:

> Section E of the Disclosure document recites a compensation formula for your use of the Honda if financing could not be arranged. That formula would have generated a cost of $6191 to you. Rather [than] insisting upon that amount, we voluntarily adjusted the number downward to $898, equivalent to two of the anticipated loan payments, since you drove the car for two months.

Plaintiffs do not dispute these facts. Although the Plaintiffs may believe that the Defendant's initial retention of the $898 was improper, it was retained under an equitable or contractual claim of right, and ultimately said sum was returned to the Plaintiffs. On such facts, no claim of civil theft can be proved.

### IV. Conclusion

For the forgoing reasons, the Plaintiffs' Motion to Certify Question of State Law to the Colorado Supreme Court (**#25**) is **DENIED**. The Defendant's Motion for Partial Summary Judgment (**#23**) is **GRANTED**.   Judgment shall enter in favor of the Defendant on the

---

(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit;
(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use or benefit;
(d) Demands any consideration to which he or she is not legally entitled as a condition of restoring the thing of value to the other person; or
(e) Knowingly retains the thing of value more than seventy-two hours after the agreed-upon time of return in any lease or hire agreement.

Plaintiffs' claims for violations of the CCPA and for civil theft.  The only claim remaining in this

case is for violation of the Truth in Lending Act.  The parties shall begin preparation of a

Proposed Pretrial Order pursuant to the previously-issued Trial Preparation Order (#22) and shall

jointly contact chambers within 14 days to promptly schedule a Pretrial Conference.

Dated this 1st day of July, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge